UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAMES MELVIN,

   *Plaintiff*,

v().                                    Case No. 5:22-CV-01323-JKP

HOBBY LOBBY STORES, INC,

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Hobby Lobby Stores, Inc.'s ("Hobby Lobby") Motion for Partial Reconsideration (the "Motion"). *ECF No. 28*. Hobby Lobby brings this Motion under Federal Rule of Civil Procedure 54(b) to request the Court reconsider its decision denying Hobby Lobby's Motion for Summary Judgment as to Plaintiff James Melvin's ("Melvin") cause of action for retaliation. *Id*. For the reasons below, the Court denies the Motion.

### BACKGROUND

This employment discrimination suit arises out of Melvin's allegations his former employer, Hobby Lobby, fired him for refusing to clean the restrooms when he complained the assignment was discriminatory. *ECF No. 1-1 at 5–7*. Melvin, who is Black, brought causes of action for racial discrimination and retaliation against Hobby Lobby. *ECF No. 7 at 6*. Subsequently, Hobby Lobby filed its Motion for Summary Judgement arguing the Court should dismiss Melvin's causes of action because (1) Melvin cannot make a prima facie case for discrimination and retaliation, (2) Melvin cannot show Hobby Lobby's reasons for firing Melvin were pretextual, and (3) Melvin failed to mitigate his damages. *ECF No. 18*.

In a Memorandum Opinion and Order issued June 20, 2024, the Court found Melvin established a prima facie case for retaliation, but not discrimination. *ECF No. 23 at 4*. The Court further found Melvin proffered sufficient evidence to create a fact issue as to whether the reasons given for his termination for his retaliation case were pretextual and whether he failed to mitigate. *Id*. The Court therefore granted in part and denied in part Hobby Lobby's Motion for Summary Judgment, ruling Melvin's cause of action for retaliation shall proceed to trial. *Id*.

In the instant Motion, Hobby Lobby challenges the Court's findings at the pretext stage of the *McDonnell Douglas* test. *ECF No. 28 at 1*. Specifically, Hobby Lobby challenges the Court's conclusion that:

> Plaintiff's retaliation claim should proceed to trial, because a jury could "infer the [termination] motivation was retaliatory" based on the temporal proximity between Plaintiff's protected activity and termination combined with the following facts: (1) Plaintiff did not refuse an order from his supervisor Co-Manager Jesus "Jessy" Luna; (2) as the manager on duty, Mr. Luna did not believe Plaintiff needed to be terminated or disciplined for his actions; (3) Hobby Lobby failed to adhere to its non-mandatory progressive discipline policy; and (4) Store Manager Alfredo "Fred" Mendoza did not seek input from Mr. Luna before terminating Plaintiff.

*Id*. Hobby Lobby claims these four findings are contrary to the summary judgment record and applicable law. *Id*. In addition, Hobby Lobby argues—even if these four findings were correct—summary judgment is appropriate on Melvin's cause of action for retaliation due a lack of evidence related to causation. *Id. at 7–12*.

## LEGAL STANDARD

Motions for reconsideration of interlocutory orders are governed by Rule 54(b) of the Federal Rules of Civil Procedure, which provides in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the

entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under Rule 54(b), a district court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Unlike motions to alter or amend a judgment under Rule 59(e), "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting 'the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)) (internal citations and quotations omitted).

However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414–15 (5th Cir. 1993) ("if the district court was required to reconsider [an interlocutory order] simply because [the losing party] belatedly came forward with evidence not submitted prior to the ruling[,] . . . the cycle of reconsideration would be never-ending"); *Domain Protection, LLC v. Sea Wasp, LLC*, 2019 WL 3933614, at *5 (E.D. Tex. Aug. 20, 2019) ("although a district court *may* revisit an interlocutory order on any ground it sees fit, it may also use its discretion to prevent parties from, without justification, raising new arguments for the first time") (emphasis in original; alterations, internal quotation marks, and citation omitted); 18B Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4478.1 (3d ed. 2019).

There is no time limit on reconsideration under Rule 54, but "[s]tability becomes increasingly important as the proceeding nears final disposition, supporting refusal to reopen issues that could cause further delay or confusion." 18B Charles A. Wright & Arthur R. Miller, Federal

3

Practice and Procedure § 4478.1 (3d ed. 2019) (internal citations omitted). Thus, when deciding a motion for reconsideration, the Court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

## ANALYSIS

The Court is not persuaded reconsideration is warranted. In its Motion, Hobby Lobby first challenges four findings at the pretext stage of the *McDonnell Douglas* test. *ECF No. 28 at 1*. Importantly, the Court does not *decide* factual disputes at the summary judgment stage; instead, the Court focuses on whether there *are* material factual disputes that should be decided by a factfinder. *Cory v. Stewart*, 103 F.4th 1067, 1077 (5th Cir. 2024). In denying Hobby Lobby's Motion for Summary Judgment as to Melvin's cause of action for retaliation, the Court's ruling reflects "Melvin has met his burden to establish a genuine dispute for trial as to his retaliation claim and that claim shall proceed to trial." *ECF No. 23 at 18*. Preceding the Court's ruling, the Court presented findings which support the ruling. *Id. at 17–18*. However, the Court did not couch the findings in terms of their evidentiary bases, nor do the findings constitute conclusive evidence. *Id. at 17–18*. Therefore, Hobby Lobby remains free to raise its arguments related to pretext at trial. Consequently, Hobby Lobby will not be prejudiced by refusal to decide these factual disputes now.

Further, Hobby Lobby's arguments in its Motion would require the Court to make credibility determinations and weigh the evidence. Pursuant to the summary judgment standard, "a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion." *ECF No. 23 at 6* (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000);

*Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)). Thus, reconsideration is additionally improper on this basis.

Finally, Hobby Lobby argues summary judgment is appropriate on Melvin's cause of action for retaliation due a lack of evidence related to causation. *ECF No. 28 at 7–12*. However, "[a] motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 n. 13 (5th Cir. 2005). In its Motion, Hobby Lobby is re-urging causation arguments it raised, or could have raised, in its Motion for Summary Judgment. *See ECF No. 18 at 9–20*; *ECF No. 21 at 8–10*. The Court also notes, while not a requirement for reconsideration pursuant to Rule 54(b), Hobby Lobby does not offer an intervening change in controlling law, nor any new evidence previously unavailable. Therefore, because a motion for reconsideration is not a proper vehicle for Hobby Lobby's causation arguments, the Court rejects the Motion on this basis as well.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Hobby Lobby's Motion for Partial Reconsideration (*ECF No. 28*).

It is so ORDERED.
SIGNED this 12th day of November, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE